UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

CYNTHIA MARIA GALARZA,

                              Plaintiff,

                  -v-

THE CITY OF NEW YORK, Police Department
Officer ("P.O.") MERLENE SAM, (Shield No. 4117),
and P.O. JEAN JOSEPH (Shield No. 3498), in their
individual capacities,

                              Defendants.

-------------------------------------------------------------------x

**AMEMDED COMPLAINT**

Index No. 14-CV-10039 (SAS)

        Plaintiff CYNTHIA MARIA GALARZA, through her attorneys David B. Rankin and

Gillian Cassell-Stiga of Rankin & Taylor, PLLC, as and for her amended complaint, does hereby

state and allege:

## PRELIMINARY STATEMENT

1.  This is a civil rights action brought to vindicate plaintiff's rights under the First, Fourth and

    Fourteenth Amendments of the Constitution of the United States, through the Civil Rights

    Act of 1871, *as amended*, codified as 42 U.S.C. § 1983.

2.  Plaintiff CYNTHIA MARIA GALARZA's rights were violated when officers of the NEW

    YORK CITY POLICE DEPARTMENT ("NYPD") unconstitutionally and without any legal

    basis used unlawful and excessive force against her, and unconstitutionally detained and

    arrested plaintiff despite the absence of probable cause.  By reason of defendants' actions,

    including their use of excessive force, Ms. GALARZA was deprived of her constitutional

    rights.

3. Ms. GALARZA also seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Fist, Fourth, and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) in that Ms. GALARZA claim arose in the Southern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

## PARTIES

7. Plaintiff GALARZA is and was at all times relevant to this action a resident of the County of the Bronx in the City and State of New York.

8. Defendant THE CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

9. NYPD Officer ("P.O.") MERLENE SAM (Shield No. 4117) ("SAM") and P.O. JEAN JOSEPH (Shield No. 3498) (referred to collectively as the "individual defendants") are and were at all times relevant herein, officers, employees, and agents of the NYPD.

10. The individual defendants are being sued herein in their individual capacities.

11. At all times relevant herein the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

12. The individual defendant's acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of Ms. GALARZA's rights.

13. At all relevant times the individual defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

## STATEMENT OF FACTS

14. As set forth herein, the individual defendants used unconstitutionally excessive force against plaintiff GALARZA on October 30, 2013 at approximately 5:40 a.m. at 1394 Lexington Avenue in the County and State of New York.

15. At approximately the above date, time, and location, Ms. GALARZA was a passenger in a vehicle driven by a friend.

16. The vehicle was parked in front of a Dunkin' Donuts, and the driver left the vehicle and entered the Dunkin' Donuts located at that address.  Ms. GALARZA remained in the front passenger side of the vehicle.

17. Immediately thereafter, P.O. SAM drove past the vehicle in a NYPD car with passenger P.O. JOSEPH.

3

18. P.O. SAM pulled over and parked in front of the parked vehicle. P.O. SAM then exited the NYPD car and began to walk towards the parked vehicle while holding and viewing her scanner.

19. At that time, Ms. GALARZA exited the passenger side of the vehicle and said to P.O. SAM, "Give me a minute; I will move the car." while waving her hands to get the officer's attention.

20. P.O. SAM did not respond, but continued to walk toward the vehicle holding and viewing the scanner.

21. Ms. GALARZA then walked around the front of the parked vehicle, arriving at the driver side door to speak with P.O. SAM.

22. Upon arriving at the driver side door, P.O. SAM did not respond to Ms. GALARZA verbally. Instead, P.O. SAM physically assaulted Ms. GALARZA, hitting her in the chest.

23. Ms. GALARZA stumbled backwards from the impact.

24. P.O. SAM then scanned the registration on the windshield of the parked car, never uttering a word or communicating verbally with Ms. GALARZA at any time.

25. After the assault, the friend returned and Ms. GALARZA announced that she would call 9-1-1 for assistance.

26. P.O. SAM climbed into her vehicle and began to drive it away. Ms. GALARZA and her friend shouted at P.O. SAM's vehicle that she was leaving the scene of a crime. P.O. SAM then reversed and parked the car. Both P.O. SAM and P.O. DOE then exited the vehicle.

27. NYPD officers responded to the 9-1-1 call shortly thereafter. On information and belief, this 9-1-1 call was a causal factor in Ms. GALARZA's arrest.

28. Ms. GALARZA was allowed to leave the scene unaccompanied, but was requested to return to the precinct later in the day to discuss the incident.

4

29. Ms. GALARZA then dropped her friend off and voluntarily returned to the NYPD's 20th Precinct.

30. The Detective met Ms. GALARZA outside, but requested that she enter the precinct to discuss the matter.  Reluctantly entering the building, Ms. GALARZA was handcuffed once inside.

31. Ms. GALARZA was charged with Obstructing Government Administration in the Second Degree (P.L. § 195.05).

32. This charge was based upon the false statements of P.O. SAM.

33. Ms. GALARZA was in police custody a total of some 14 hours and was forced to appear in court on three occasions.

34. Ms. GALARZA was also suspended from her position with the Office of the District Attorney until the investigation was concluded.  She did not receive back pay.

35. The charges against Ms. GALARZA were dismissed on March 18, 2014 on the motion of the New York County District Attorney's office.

36. As a result of the physical assault and false arrest by the NYPD, Ms. GALARZA suffered injuries to her chest, in addition to pain and mental anguish.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF RIGHTS
### UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983
### (Against all Defendants)

37. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

38. Defendants, under color of state law, subjected the plaintiff to the foregoing acts and omissions, thereby depriving plaintiff of his rights, privileges and immunities secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution, including,

without limitation, deprivation of the following constitutional rights: (a) freedom from unreasonable seizure of her person; (b) freedom from arrest without probable cause; (c) freedom from retaliatory arrest; (d) freedom from false imprisonment; (e) freedom from the lodging of false charges against her by police officers; and (f) failure to intercede in the unconstitutional act of another.

39. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

**SECOND CLAIM FOR RELIEF**
**LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS**
**(Against the City of New York)**

40.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

41.     At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

42.     At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline its employees and police officers, including defendants P.O. SAM and P.O. JOSEPH, and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline the individual defendants.

43.     The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as

guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its First, Fourth, and Fourteenth Amendments.

44.     As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

**JURY DEMAND**

45. Ms. GALARZA demands a trial by jury in this action on each and every one of her damage claims.

WHEREFORE, Ms. GALARZA demands judgment against the defendants individually and jointly and prays for relief as follows:

a.   That she be compensated for violation of her constitutional rights, pain, suffering, mental anguish and humiliation; and

b.   That she be awarded punitive damages against the individual defendants; and

c.   That she be compensated for attorneys' fees and the costs and disbursements of this action; and

d.   For such other further and different relief as to the Court may seem just and proper.

Dated:     New York, New York
           March 11, 2015

Respectfully submitted,

By:

David B. Rankin
Gillian Cassell-Stiga
Rankin & Taylor, PLLC
*Attorneys for the Plaintiff*
11 Park Place, Suite 914
New York, New York 10007
Ph: 212-226-4507